# United States Tax Court

T.C. Memo. 2026-62

LAWRENCE HUBBARD,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10585-24.                                  Filed July 27, 2026.

————

Lawrence Hubbard, pro se.

*Juan M. Sarinana*, *Christine A. Fukushima*, and *Krystle J. Andujar Garcia*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, *Special Trial Judge*: In a Notice of Deficiency dated April 19, 2024, respondent determined a deficiency in petitioner's federal income tax of $32,938 and a penalty under section 6676(a)[1] of $6,378.40 for taxable year 2021 (year in issue).

After concessions,[2] the issues for decision in this case are

(1) whether petitioner received and failed to report unemployment compensation of $22,925;

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded that petitioner is not liable for the section 6676 erroneous claim for refund or credit penalty for the year in issue.

**[\*2]**    (2) whether petitioner is entitled to income tax withholding of $1,260 withheld from his unemployment compensation for the year in issue;[3]

(3) whether respondent properly disallowed $4,835 of net income reported on petitioner's Schedule C, Profit or Loss From Business;

(4) whether petitioner is entitled to the refundable Sick/Family Leave Credit before April 1, 2021, of $14,960; and

(5) whether petitioner is entitled to the refundable Sick/Family Leave Credit after March 31, 2021, of $16,930.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The Stipulation of Facts, as supplemented, and the attached Exhibits are incorporated herein by this reference.  The record consists of the Stipulation of Facts, as supplemented, with attached Exhibits, and the testimony of petitioner, Lawrence Hubbard.  Petitioner resided in California when the Petition was timely filed.

I.    *Petitioner's Employment*

Petitioner was sometimes self-employed working as a barber, a musician, and a chef.  Petitioner's business address was listed at the same address as his home.

Petitioner was also unemployed for part of the year in issue.  The California Employment Development Department (California EDD) issued him Form 1099–G, Certain Government Payments, for unemployment compensation of $22,925 with respective withholding of $1,260.

II.    *Petitioner's Tax Return*

Petitioner filed Form 1040, U.S. Individual Income Tax Return, and Schedule C for the year in issue.  On the Schedule C petitioner listed his business as "barber services" and listed the business address at the

---

[3] Resolution of this issue depends on the Court's holding on the unemployment compensation issue.  If the Court upholds respondent's determination on the omitted unemployment compensation, petitioner is entitled to the withholding.  We note that by definition a deficiency is determined without regard for withheld tax for income tax purposes.  *See* § 6211(b)(1).

[*3] same address as his home. Petitioner reported gross business income of $10,344, business expenses of $5,509, and net business income of $4,835. Petitioner claimed COVID–19-related Sick/Family Leave Credits of $31,890 ($14,960 before April 1, 2021, and $16,930 after March 31, 2021).

Petitioner did not report the California EDD Form 1099–G unemployment compensation or withholding amounts on his tax return. Petitioner did not include with his return Form 7202, Credits for Sick Leave and Family Leave for Certain Self-Employed Individuals, to support his claimed refundable COVID–19-related sick and family leave credits.

On April 19, 2024, respondent issued a Notice of Deficiency, disallowing petitioner's business income and deductions for expenses for the year in issue and all claimed credits, including the COVID–19-related sick and family leave credits. Respondent also determined that petitioner had unreported income of $22,925. The adjustments resulted in a deficiency of $32,938 and a section 6676 erroneous claim for refund or credit penalty of $6,378.40.

OPINION

I.    *Burden of Proof*

Generally, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and a taxpayer bears the burden of proving that the determination is in error. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4]

Deductions and credits are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction or credit on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction

---

[4] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or otherwise show that section 7491(a) applies. Therefore, petitioner bears the burden of proof. *See* Rule 142(a).

[*4] or credit relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* § 6001; Treas. Reg. § 1.6001-1(a). Such records must substantiate both the amount and purpose of the related expense. *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

II.    *Unreported Income*

Unless otherwise provided, gross income includes all income from whatever source derived. § 61(a).

In cases involving failure to report income, the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, *see* § 7482(b)(1)(A), has held that the Commissioner must establish "some evidentiary foundation" linking the taxpayer to an alleged income-producing activity before the presumption of correctness attaches to the deficiency determination, *Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977); *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019). Undisputed third-party information returns suffice to establish this foundation. *See, e.g.*, *Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97; *Scott v. Commissioner*, T.C. Memo. 2023-141, at *5; *Peak v. Commissioner*, T.C. Memo. 2021-128, at *6–7; *see also* § 6201(d). Once the Commissioner has established such a foundation, the burden of proof shifts to the taxpayer to prove that he is entitled to an exclusion from gross income. *See Algarawi v. Commissioner*, T.C. Memo. 2026-8, at *4.

Respondent submitted the California EDD Form 1099–G linking petitioner to unemployment compensation of $22,925. *See Weimerskirch v. Commissioner*, 596 F.2d at 361–62.

Petitioner did not report this income on his 2021 return. Petitioner acknowledged at trial that he applied for and received unemployment compensation in 2020. However, petitioner asserts that he did not receive unemployment compensation in 2021. Petitioner asserts that he filed a fraud complaint with his bank and California EDD. In support petitioner submitted screenshots of his account on the California EDD website for 2020 and fraud claim acknowledgment emails from Bank of America.

**[\*5]** We recognize the difficulty a taxpayer faces in proving that he did not receive a payment of money characterized as income. Petitioner did not provide evidence of a fraud claim filed with the California EDD. While he provided evidence that a fraud claim was filed with his bank, the documents do not detail the outcome of the claim. Information as to the outcome of the claim would have been useful for the Court to make a finding based on conclusions reached by the payor of the unemployment benefit. Petitioner did not provide any other relevant documentation for the year in issue and, instead, provided evidence of unemployment compensation received for a different tax year. Taken on their own, petitioner's assertions substantiate only that he made a fraud claim. Petitioner's testimony was neither complete nor consistently credible. Accordingly, petitioner has not satisfied his burden of proof, and respondent's determination is sustained.

III.    *Schedule C Income and Expenses*

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. § 162(a); Treas. Reg. § 1.162-1(a); *cf.* § 262(a) (providing that a taxpayer may not deduct personal, living, or family expenses). Neither the Code nor the regulations provide a generally applicable definition of a trade or business. *Commissioner v. Groetzinger*, 480 U.S. 23, 27 (1987). Rather, determination of whether an activity constitutes a trade or business requires an examination of the facts in each case. *Id.* at 29.

To be engaged in a trade or business, a taxpayer must engage in the activity with continuity and regularity, and with the primary purpose of earning income or making a profit. *Id.* at 35. A trade or business, however, is a concept that falls far short of reaching every income or profit-making activity. *Id.* Accordingly, determination of whether the taxpayer's activities constitute a trade or business is a question of fact. *Johnson v. Commissioner*, T.C. Memo. 2025-87, at \*9. A taxpayer's general statement that expenses were paid in pursuit of a trade or business is insufficient to establish that the expenses had a reasonably direct relationship to any such trade or business. *Sham v. Commissioner*, T.C. Memo. 2020-119, at \*58. The Court is not bound to accept a taxpayer's self-serving testimony. *Jackson Crossroads, LLC v. Commissioner*, T.C. Memo. 2024-111, at \*26 (citing *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986)), *aff'd*, Nos. 25-10744, et al., 2026 WL 822261 (11th Cir. Mar. 25, 2026).

[*6]    Petitioner reported net business income of $4,835 for the year in issue, all of which respondent disallowed. Petitioner asserts he was self-employed as a barber, a musician, and a chef during the year in issue. Petitioner asserts that he rented a home with his uncle for the purpose of conducting business and modified the home to be used for barber services and as a music studio. He testified that he received payments from his customers by Zelle, Cash App, and in cash, and that he charged varying amounts to his clients. Sometimes he accumulated payments before making a transfer to his bank. In support petitioner submitted some pictures of the room(s) in the house where he resided and a log purporting to demonstrate business income and expenses, along with screenshots of bank statements.

Petitioner failed to demonstrate that he was engaged in a trade or business for the year in issue. Petitioner's log vaguely details payments and fails to provide evidence that the payments stemmed from the operation of a trade or business. Rather, the log appears to show only a series of payments from the same individuals through Zelle, Cash App, and cash deposits without any explanation. Further, petitioner provided no evidence to detail any of the expenses reported, only that amounts were paid. For example, the log notes a $337 payment to "Airbnb" and a "Check #138" for $3,400, but it does not provide an explanation or business purpose for those payments. Petitioner's log reports total business income of $9,330.69, total business expenses of $5,452, and net business income of $3,878.69. The amounts listed in petitioner's log do not match the corresponding amounts that were reported on his Schedule C.

It appears that petitioner reported the Schedule C net business income of $4,835 in order to support the refundable credits discussed *infra* Part IV. The Court finds petitioner's testimony to be self-serving and not fully credible. Petitioner failed to carry his burden to establish that he engaged in a trade or business during the year in issue. Therefore, respondent's determination is sustained.

IV.    *Sick and Family Leave Credits During COVID–19*

In 2020 Congress created refundable credits for self-employed individuals that regularly carry on a trade or business but were unable to work or telework because of the COVID–19 pandemic. *See* Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, §§ 7002, 7004, 134 Stat. 178, 212, 217 (2020) (as amended by the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, § 286, 134 Stat.

**[\*7]** 1182, 1989 (2020)). The FFCRA credits were available for "leave" taken between April 1, 2020, and March 31, 2021. *See* FFCRA §§ 7002(e), 7004(e), 134 Stat. at 214, 218.

Under the FFCRA, the inability to work is tied definitionally to whether the self-employed individual would have had a "need for leave" if the individual had been an employee. *See* FFCRA §§ 5101, 5102, 7002(b)(2), 7004(b)(2), 134 Stat. at 195–96, 212, 217. For this purpose an employee would have a "need for leave" if (1) the employee is subject to a federal, state, or local quarantine order related to COVID–19, (2) a health care provider advised the employee to self-quarantine because of COVID–19, (3) the employee is experiencing symptoms of COVID–19 and is seeking a medical diagnosis, (4) the employee is caring for an individual who is (i) subject to a quarantine order or (ii) has been advised by a health care provider to self-quarantine because of COVID–19 concerns, (5) the employee is caring for a child if there is a school or day care closure due to COVID–19, or (6) the employee is experiencing any other substantially similar condition specified by administrative guidance. FFCRA § 5102(a), 134 Stat. at 195–96. The credit amounts are calculated using a formula based on the self-employed individual's self-employment income. FFCRA §§ 7002(c), 7004(c), 134 Stat. at 212–13, 217.

In 2021 Congress created credits through the American Rescue Plan Act of 2021 (ARPA), Pub. L. No. 117-2, §§ 9642 and 9643, 135 Stat. 4, 171, 174, which were available from April 1 through September 30, 2021. The ARPA credits are similar to the FFCRA credits in that they are based on a self-employed individual's self-employment income from a trade or business, but they use an expanded "need for leave" definition, among other differences. ARPA §§ 9642(b)(2), (c), 9643(b)(2), (c), 135 Stat. at 172–75.

COVID–19-related sick and family leave credits require a taxpayer to maintain such documentation as the Secretary may prescribe to establish that the taxpayer is an eligible self-employed individual. *See* FFCRA § 7002(d)(2), 134 Stat. at 213; ARPA § 9643(e)(1), 135 Stat. at 175. In March 2022 the Internal Revenue Service published two Fact Sheets related to the FFCRA and the ARPA setting forth the documentation that self-employed individuals must maintain to establish credit eligibility. *See* Internal Revenue Serv., *Tax Credits for Paid Leave Under the Families First Coronavirus Response Act for Leave Prior to April 1, 2021*, FS-2022-16, FAQ 68 (Mar. 2022), https://www.irs.gov/pub/taxpros/fs-2022-16.pdf; Internal Revenue Serv.,

**[\*8]** *Tax Credits for Paid Leave Under the American Rescue Plan Act of 2021 for Leave After March 31, 2021*, FS-2022-15, FAQ 122 (Mar. 2022), https://www.irs.gov/pub/taxpros/fs-2022-15.pdf. Pursuant to this guidance, a self-employed taxpayer may substantiate eligibility for FFCRA and ARPA credits in part by providing (i) the name of the person, (ii) the dates of leave, (iii) a statement of the COVID–19-related reason the employee is requesting leave and written support for such reason, and (iv) a statement that the employee is unable to work for such reason. *See* Internal Revenue Serv., FS-2022-16, FAQ 44–46a, 68; Internal Revenue Serv., FS-2022-15, FAQ 64–67, 122.

Petitioner claimed $31,890 in refundable COVID–19-related sick and family leave credits ($14,960 in FFCRA credits before April 1, 2021, and $16,930 in ARPA credits after March 31, 2021) for the year in issue.

Petitioner did not engage in a trade or business for the year in issue. *See supra* p. 6. On the basis of this threshold requirement alone, petitioner is ineligible for the credits claimed. Even were we to consider that petitioner was engaged in a trade or business for the year in issue, petitioner failed to substantiate eligibility for these credits. Petitioner did not include with his tax return Form 7202 to support his claimed refundable COVID–19-related sick and family leave credits. While petitioner testified that he was sick at some point during the year in issue, he failed to specify the dates of his sickness. Further, he failed to provide any documentation related to the "need for leave" criteria and his inability to work. Therefore, petitioner is not entitled to any COVID–19-related sick and family leave credits for the year in issue.

V.    *Conclusion*

We have considered all of the parties' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the section 6676(a) penalty.*